IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01479-BNB

TAMMARAD KAISER,

    Plaintiff,

v.

TRACY GARCHAR,
KARI KUNES,
KIM RAFF,
MELINDA GUTHRIE, and
ETHAN STORENG,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Tammarad Kaiser, resides in Grand Junction, Colorado. She submitted *pro se* a Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). She has been granted leave to proceed without prepaying fees or costs.

The Court must construe Ms. Kaiser's Complaint liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Kaiser will be directed to file an amended complaint.

In the Complaint, Ms. Kaiser alleges that on February 23, 2013, Child Protective Services ("CPS") removed her child from her home and seeks revocation of her parental rights. (ECF No. 1 at 3). She asks that the Court return her child immediately, in

addition to various other injunctive relief and monetary damages.  (*Id.* at 4-5).

The Complaint is deficient for several reasons.  First, Ms. Kaiser fails to identify the grounds for federal court jurisdiction. In other words, Ms. Kaiser fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Moreover, federal courts lack subject matter jurisdiction over child custody disputes.  The *Rooker-Feldman* doctrine[1] deprives the federal district and appellate courts of subject matter jurisdiction over a plaintiff's § 1983 claim based on alleged constitutional violations that "in essence sought to reverse a state court's child custody determination."  *See Noor v. Hickenlooper*, No. 13-cv-00692-REB-CBS, 2013 WL 1232201, at *3 (D. Colo. Mar. 26, 2013) (unpublished) (citing *Staley v. Ledbetter*, 837 F.2d 1016, 1017-18 (11th Cir. 1988).

Similarly, if no final judgment has been entered in the state court action, this Court still must abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Assuming Ms. Kaiser intends to assert claims in this action that are not barred either by the *Rocker-Feldman* doctrine or the *Younger* abstention doctrine, she must provide a clear and concise statement that clarifies what those claims are.  She also must allege how Defendants are involved because Ms. Kaiser does not assert any allegations against the named Defendants in the body of the Complaint.  Therefore, Ms. Kaiser will be ordered to file an amended Complaint.  For each claim she asserts in the amended Complaint, Ms. Kaiser must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Kaiser fails to provide a short and plain statement of her claims showing she is entitled to relief. In particular, Mr. Kaiser fails to identify the specific claims she is asserting and she fails to identify what any Defendant did that allegedly violated her rights. Ms. Kaiser will be given an opportunity to cure the deficiencies in her Complaint by submitting an amended Complaint that asserts claims clearly and concisely in compliance with Fed. R. Civ. P. 8, asserts the statutory basis for this Court's jurisdiction, clarifies which claims are asserted pursuant to which statute, and alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Tammarad Kaiser, **within thirty (30) days from the**

**date of this order**, file an amended Complaint that complies with this order.  It is

FURTHER ORDERED that the amended Complaint shall be titled "Amended Complaint," and filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Ms. Kaiser shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Complaint.  It is

FURTHER ORDERED that, if Ms. Kaiser fails to file an amended Complaint that complies with this order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED May 29, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge