IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01479-BNB

TAMMARA D. KAISER,

    Plaintiff,

v.

KIM RAFF,
ETHAN STORENG,
LEANE TOFSRUD, and
KARI KUNES

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Tammara D. Kaiser, initiated this action by filing *pro se* a Complaint (ECF No. 1).  On June 16, 2014, Ms. Kaiser filed an Amended Complaint (ECF No. 6) asserting claims that her civil rights have been violated.  She seeks damages and injunctive relief.

    The Court must construe the Amended Complaint liberally because Ms. Kaiser is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  Ms. Kaiser will be ordered to file a second amended complaint if she wishes to pursue her claims in this action.

    Ms. Kaiser's claims concern the removal of her child from her home on February 28, 2013 by Mesa County Department of Human Services, Child Protection.  She

alleges that Defendant Raff removed her son based on false allegations; Defendant Storeng made discriminatory statements about her physical condition and violated client confidentiality by reporting facts about her case to Ms. Kaiser's sister; and Defendant Tofsrud made false allegations about Ms. Kaiser's compliance with her treatment plan. She seeks monetary damages, the immediate return of her child, and closure of the state court proceedings.  (ECF No. 1 at 2-6).

It is unclear whether Ms. Kaiser is asserting constitutional claims against Defendants in their official capacities.  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).  If Ms. Kaiser's damages claims against the Defendants, each of whom is alleged to be an employee of the Mesa County Department of Human Services, are construed as official capacity claims, then Defendants are entitled to Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pierce v. Delta County Dep't of Social Servs.,* 119 F.Supp.2d 1139, 1148 (D. Colo. 2000) (Colorado county human services departments or any of their employees are considered arms of the state for purposes of the Eleventh Amendment).  Thus, Ms. Kaiser cannot seek monetary relief against Defendants in their official capacities.

The Eleventh Amendment does not bar Ms. Kaiser from suing Defendants in their official capacities if she is alleging an ongoing violation of federal law and seeking only prospective injunctive relief.  *See Rounds v. Clements*, 495 F. App'x 938 (10th Cir. 2012).  However, to the extent Ms. Kaiser seeks the immediate return of her child and closure of the state court proceedings, this claim for relief is barred by the *Younger*

doctrine, which requires the Court to abstain from exercising jurisdiction over claims asking the Court to intervene in ongoing state proceedings. *See Younger v. Harris,* 401 U.S. 37, 44 (1971). Therefore, Ms, Kaiser cannot assert claims for injunctive relief against Defendants in their officials capacities because the claims are barred by the *Younger* abstention doctrine.

For these reasons, Ms. Kaiser will be directed to file a second amended complaint. If Ms. Kaiser elects to sue any Defendant in his or her individual capacity, she must make specific allegations regarding what that individual did to violate her constitutional rights. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). In addition, Ms. Kaiser must identify the specific constitutional claims she is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Ms. Kaiser file, **within thirty (30) days from the date of this**

**order**, a second amended complaint on the court-approved form that complies with this order.  It is

FURTHER ORDERED that, if Ms. Kaiser fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED June 26, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge